[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10066

_____

YOSBEL CALDERON MARTINEZ,
YESICA MARTINEZ MORALES,
Y.A.C.M.,
Minor,

Plaintiffs-Appellants,

*versus*

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION
SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00164-RBD-RMN

_____

Before JILL PRYOR, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Yosbel Calderon Martinez, Yesica Martinez Morales, and their minor child illegally entered the United States near El Paso, Texas on or around May 18, 2019. In April 2021, the Martinezes filed adjustment-of-status applications with United States Citizenship and Immigration Services (USCIS), seeking permanent resident status. USCIS denied those applications, determining that it lacked jurisdiction to consider them because the Martinezes were in removal proceedings and were not "arriving aliens." The Martinezes challenged this decision in the Middle District of Florida to no avail—the district court agreed with USCIS, and dismissed their suit for want of jurisdiction. This is their appeal.

Everyone agrees that this case comes down to whether the Martinezes are "arriving aliens." If yes, USCIS has jurisdiction over the adjustment-of-status applications, so its denial of the applications on jurisdictional grounds was improper. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)(ii). If not, the immigration judge has "exclusive jurisdiction," so USCIS's denial was proper. *See id.* § 1245.2(a)(1)(i).

We agree with the government. The Martinezes are not arriving aliens because they did not enter or attempt to enter the United States at a "port-of-entry" or seek transit through the United States through a "port-of-entry," nor were they "interdicted in international or United States waters." *See id.* § 1.2. In fact, they concede that they "entered the United States without inspection at or near El Paso, Texas" and were apprehended by Border Patrol agents shortly afterward. We therefore affirm the district court's dismissal for lack of jurisdiction. In doing so, we note that the Martinezes can still seek an adjustment of status so long as they go through the proper jurisdictional channels.

$\star$    $\star$    $\star$

**AFFIRMED**.